Case Number: PC-2022-03970
Filed in Providence/Bristol County Superior Court
Submitted: 6/23/2022 3:27 PM
Envelope: 3681740
Reviewer: Victoria H

Case 1:22-cv-00282-MSM-PAS     Document 1-1     Filed 07/28/22     Page 1 of 6 PageID #: 3

STATE OF RHODE ISLAND
PROVIDENCE, SC.                                    SUPERIOR COURT

**VANESSA R. WILCOX**
    *Plaintiff*

V.

**TOWN OF JOHNSTON;**

**JOHNSTON POLICE DEPARTMENT;**

-and-

**JOSEPH P RAZZA, POLICE CHIEF, et. al**

## COMPLAINT

### I. Introduction

1. This is an action brought by Plaintiff, Vanessa Wilcox, against the Defendants, her former Employer, seeking compensatory, liquidated and punitive damages, counsel fees, costs and other equitable relief arising out of violations of Chapter 126 of the Americans with Disabilities Act of 1999, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq.* ("FEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq.* ("RICRA").

### II. Parties

2. Plaintiff is a resident of Warwick, Kent County, and State of Rhode Island and at the time relevant to this action was an employee of Defendant Johnston Police Department.

3. Defendant, Town of Johnston is a municipal corporation located within the County of Providence.

4. Defendant Johnston Police Department is an agency with the Town of Johnston located at 1651 Atwood Avenue, Johnston, County of Providence, Rhode Island, 02919.

5. Defendant, Joseph Razza, is a natural person and who, at all times material to this complaint, was employed by the Town of Johnston as the Chief of Police.

1

### III. Jurisdiction

6. This Court has jurisdiction over Plaintiff's claims herein pursuant to R.I. Gen. Laws § 28-5-24.1, § 42-112-2, and § 8-2-13 and 14. In addition, the monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court pursuant to R.I. Gen. Laws § 8-2-14.

### IV. Venue

7. Venue is proper in this Court pursuant to R.I. Gen. Laws § 9-4-3 since Defendants shall be found in the County of Providence, State of Rhode Island.

### V. Exhaustion of Administrative Remedies

8. On or about July 10th, 2020, Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") against Defendants alleging discrimination based on disability.

9. On March 29, 2022, the RICHR issued Plaintiff a Notice of Right to Sue.

10. Thereafter and in accordance with R.I. Gen. Laws § 28-5-24.1(c), Respondents elected to terminate all proceedings before the RICHR and to have the Complainant's case heard and decided in Superior Court.

11. Accordingly, Plaintiff has timely and properly exhausted her administrative remedies and thereby satisfied all pre-conditions to bringing the Within action.

### VI. Material Facts

12. At all relevant times, Plaintiff was a member of a protected class because she was subject to an adverse employment action and had or was perceived to have physical impairment that was not transitory and minor.

*Employment*

13. On July 23rd, 2018, Plaintiff was hired to attend the Rhode Island Municipal Police Academy. She graduated on December 20th, 2018, and on the same day was hired as a Probationary Patrolwoman by the Johnston Police Department.

2

Case Number: PC-2022-03970
Filed in Providence/Bristol County Superior Court
Submitted: 6/23/2022 3:27 PM
Envelope: 3681740
Reviewer: Victoria H

Case 1:22-cv-00282-MSM-PAS   Document 1-1   Filed 07/28/22   Page 3 of 6 PageID #: 5

14. As a Probationary Patrolwoman, Plaintiff demonstrated that she was highly motivated, professional, and never showed hesitation to act. She had shown great improvement with her knowledge of the job and was continuously recommended for advancement to the next Phases. At the end of Phase 4, on April 6th, 2019, she was characterized as a good asset to the police department and was ready to be on SOLO patrol.

### *Disability*

15. On April 15th, 2019, Plaintiff, while traveling to back up another officer on an alarm call, was involved in a motor vehicle accident and injured.

16. On May 21st, 2019, Plaintiff was injured in another car accident while off duty. She was transported by rescue to Kent Hospital to be treated for her injuries. She was presented to Caring for Women & Infants on July 31st, 2019, to be evaluated for her pelvic injuries she sustained as result of the accident. On May 31st, 2019, Plaintiff sought treatment for her injuries at Elite Physical Therapy and remained in treatment there until November 1st, 2019. During her treatment, she was referred to Open MRI of New England and seen there on July 14th, 2019. She was treated at Performance Physical Therapy from August 7th, 2019, until December 14th, 2021.

17. Ms. Wilcox's physical therapist determined that she was totally disabled and unable to return to work until November 5th, 2019, totaling 24 weeks of complete disability due to the second car accident. Plaintiff was considered partially disabled until December 14th, 2021, a total of 109 weeks and 5 days due to the second car accident.

### *Termination of employment*

18. On June 10th, 2019, a letter of reprimand was issued regarding the above patrol car accident per the order of the Chief of Johnston Police.

19. On or around July 5th, 2019, Plaintiff advised Major Leduc that she would be taken out of work for approximately one week by order of her treating physician.

20. On July 10th, 2019, the Defendant Police Department told Plaintiff that Johnston Police Department was not a good fit for her, and she would be discharged if she did not resign. Plaintiff signed the resignation letter prepared by the Deputy Chief and resigned from the Police Department in lieu of discharge.

21. Thus, Plaintiff resignation was void of choice and constituted a constructive discharge.

### *Discrimination based on Disability*

22. The circumstances of Plaintiffs termination establish a *prima facie* case discrimination based on disability under applicable law. Thus, Plaintiff was a member of

3

protected class because she had a physical impairment that substantially limited one or more life activities and/or has been regarded as having such an impairment, that was nether transitory nor minor; Plaintiff's work performance always met the Defendants' reasonable expectations; she has been subjected to adverse employment action prohibited by ADA, and Plaintiff was replaced with an employee outside of the protected class.

23.     Pursuant to the FEPA, ADA and RICRA Defendants were prohibited from discriminating against Plaintiff based on her disability.

*Pretext and Discriminatory Intent*

24.     Adverse employment action based on account of disability constitutes prohibited discrimination.

25.     Defendants compelled or coerced Plaintiff's unlawful termination based on her disability.

26.     Defendants attempted, directly or indirectly, to violate the FEPA and Title VII as alleged herein.

*Motivation and Harm*

27.     Defendants' wrongful and/or unlawful acts and/or omissions, including, but not limited to those described herein, are in ADA, RICRA and FEPA, and were motivated by malice or ill will toward Plaintiff, and Defendants otherwise acted in bad faith and/or with reckless indifference to the statutorily protected rights of Plaintiff.

28.     As a proximate result of Defendants' wrongful and/or unlawful discriminatory acts and/or omissions, including, but not limited to those described herein, Plaintiff suffered, is now suffering, and will continue to suffer emotional and economic injury, including, but not limited to, pecuniary losses, loss of income, loss of benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, damage to her professional and personal reputation, and has incurred and will continue to incur expenses for legal services, and other great harm.

**VII. Claims for Relief**

29.     Plaintiff realleges and affirms the allegations in Paragraphs 1 - 27 as if incorporated herein.

4

Case Number: PC-2022-03970
Filed in Providence/Bristol County Superior Court
Submitted: 6/23/2022 3:27 PM
Envelope: 3681740
Reviewer: Victoria H

Case 1:22-cv-00282-MSM-PAS     Document 1-1     Filed 07/28/22     Page 5 of 6 PageID #: 7

*Count 1*
*Rhode Island Fair Employment Practices Act*
*R.I. Gen. Laws § 28-5-1, et seq.*

30. Plaintiff realleges and affirms the allegations in Paragraphs 1 - 28 as if incorporated herein.

31. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment practices against Plaintiff on account of Plaintiff's disability in violation of the FEPA, and thereby and otherwise deprived her of rights secured under the FEPA, causing her to suffer damages as aforesaid and be otherwise damnified.

*Count 2*
*Rhode Island Civil Rights Act of 1990,*
*R.I. Gen. Laws § 42-112-1, et seq.*

32. Plaintiff realleges and affirms the allegations in Paragraphs 1 - 30 as if incorporated herein.

33. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful employment discrimination and/or retaliation 0n the basis of sex in Violation of the RICRA, which has caused Plaintiff to suffer damages as aforesaid, and for which Plaintiff is entitled to relief pursuant to R.I. Gen. Laws § 42-112-2.

*Count 3*
*Americans with Disabilities Act of 1999,*
*42 U.S.C. § 12101, et seq.*

34. Plaintiff realleges and affirms the allegations in Paragraphs 1 - 32 as if incorporated herein.

35. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful employment discrimination and/or retaliation on the basis of Plaintiff's disability in Violation of the ADA, which has caused Plaintiff to suffer damages as aforesaid, and for which Plaintiff is entitled to relief

**VIII. Prayer(s) for Relief**

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

Case Number: PC-2022-03970
Filed in Providence/Bristol County Superior Court
Submitted: 6/23/2022 3:27 PM
Envelope: 3681740
Reviewer: Victoria H

Case 1:22-cv-00282-MSM-PAS   Document 1-1   Filed 07/28/22   Page 6 of 6 PageID #: 8

1. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in Violation of ADA, FEPA, and RICRA;

2. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

3. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiff whole for all earnings and benefits Plaintiff would have received but for Defendants' unlawful conduct;

4. An award of compensatory damages.

5. An award of exemplary and/or punitive damages.
6. An award of prejudgment interest, reasonable attorneys' fees, and costs.

7. All other further relief as this Court deems just and proper.

## IX. Demand for Jury Trial

Plaintiff hereby demands a trial by jury 0n all counts so triable.

## X. Designation of Trial Counsel

Plaintiff hereby designates Steven Dominic DiLibero, Esq. as trial counsel.

Respectfully Submitted,
Plaintiff, Vanessa Wilcox,
By and through counsel,

*/s/ Steven D. DiLibero, Esq.*
Steven D. DiLibero, Esq.
DiLibero & Associates
130 Dorrance St
Providence, RI 02903
P. 401.621.9700
F. 401.331.9503
E. sdilibero@diliberoandassociates.com

6